UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SOUTH PASS DEVELOPMENT
COMPANY, LLC                                                    PLAINTIFF

    vs.                    Case No. 06-5001

DOUGLAS CUMMINGS,
JOAN CUMMINGS, and
CRAIG HULL d/b/a Hull
& Company                                                     DEFENDANTS

# O R D E R

On this 25th day of August, 2006, comes on to be considered plaintiff's **Motion to Remand for Lack of Diversity of Citizenship (Doc. 9)**. The Court, being well and sufficiently advised, finds that the motion should be **GRANTED**. The Court finds and orders as follows with respect thereto:

1. Plaintiff, an Arkansas limited liability company, initiated this action in state court against Douglas and Joan Cummings, husband and wife residents of Michigan, and Craig Hull, a resident of Arkansas. Plaintiff asserted breach of contract and fraud claims arising out of an alleged agreement the Cummings' entered into to sell plaintiff 5.9 acres of property located in Washington County, Arkansas.

2. The Cummings' removed the action to this Court on the basis of diversity jurisdiction. (Doc. 1.) They acknowledged that separate defendant Hull was an Arkansas resident, but asserted that his residency should be disregarded for the purposes of diversity

-1-

jurisdiction, as plaintiff fraudulently joined him as a defendant. (Doc. 1.)

3.  Plaintiff moves to remand the action to state court, asserting that it has a viable claim against Hull for fraud and that complete diversity of citizenship is therefore lacking. (Doc. 9.)  The Court permitted the parties to conduct limited discovery into the issue of whether Hull was fraudulently joined.  (Doc. 15.)

4.  "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained."  *Iowa Public Serv. Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977) (emphasis added).  However, if there is a colorable cause of action – that is, if the state law *might* impose liability on the resident defendant – then there is no fraudulent joinder. *See Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003).  This Court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved.  *See id.* at 811.  The Court is required to resolve all doubts about federal jurisdiction in favor of remand.  *See In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993).

5.  Under Arkansas law, the tort of fraud has five elements: (1)  a false representation, usually of a material fact;

(2)     knowledge or belief by the defendant that the representation is false or that he lacks a sufficient basis of information to make the statement;

(3)     intent to induce the plaintiff to act in reliance upon the representation;

(4)     justifiable reliance by the plaintiff upon the representation; and

(5)     resulting damage to the plaintiff.

*See Ripplemeyer v. National Grape Co-op Ass'n, Inc.* 807 F. Supp. 1439, 1450 (W.D. Ark. 1992)

6.     The facts supporting plaintiff's claim of fraud against Hull are set forth in plaintiff's complaint and in the depositions of Richard Alexander and John Nock (Doc. 24 Attachs.), who participated in the subject negotiations on behalf of plaintiff. These facts are as follows:

a.     In response to an offer by plaintiff to purchase the subject acreage, a written counteroffer was submitted to plaintiff by Hull, who was identified on the counteroffer as the listing agent of the property and the supervising broker of the transaction.

b.     The property was owned by defendant Douglas Cummings and his brother, Gordon Cummings, and the counteroffer contained two signatures on the sellers' signature lines. The signatures were illegible, but Alexander and Nock

−3−

assumed that they were the signatures of Douglas and Gordon Cummings because Hull assured Alexander and Nock that they had a "done deal" and a binding contract.

c.   It was not until weeks later that Alexander and Nock learned that defendant Douglas Cummings had not signed the counteroffer and that the signatures on the counteroffer were actually those of Gordon Cummings and his wife.

d.   Hull nevertheless continued to assure Alexander and Nock that they were still under contract, that Hull was acting as defendant Douglas Cummings' agent, and that Cummings intended to sign the contract prior to closing.

e.   Plaintiff incurred expenses in connection with the anticipated closing, which never came to fruition, as defendant Douglas Cummings refused to execute the seller documents and deliver a deed to plaintiff.

7.   The above facts could possibly support a claim of fraud against Hull, as it could be inferred from these facts that Hull made false representations to plaintiff leading plaintiff to believe that they had a binding contract; that Hull did so knowing his representations to be false and with the intent to induce plaintiff to act in reliance on these representations; and that plaintiff justifiably relied upon these representations and incurred expenses in anticipation of closing.  The Court therefore

finds that Hull was not fraudulently joined as a defendant and that his inclusion in this action divests this Court of complete diversity jurisdiction.

8. Accordingly, plaintiff's **Motion to Remand for Lack of Diversity of Citizenship (Doc. 9)** is **GRANTED** and this case is hereby **REMANDED** to the Circuit Court of Washington County, Arkansas.

Defendants's **Motions to Dismiss (Docs. 4, 17)** and **Motion to Stay (Doc. 6)** are **DENIED** as moot.

IT IS SO ORDERED.

/S/JIMM LARRY HENDREN
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE